UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT JACOBS, | : | Case No. 1:21-cv-461 |
| Petitioner, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| WARDEN, Southern Correctional Institution, | : | |
| Respondent. | : | |

**DECISION AND ENTRY**
**ADOPTING THE REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 11)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on February 9, 2023, submitted a Report and Recommendation. (Doc. 11). Petitioner filed objections.[1] (Doc. 14). Respondent timely filed a response to the objections. (Doc. 15).

Pursuant to Fed. R. Civ. P. 72(b)(2), "a party may serve and file **specific** written objections to the proposed findings and recommendations" of the Magistrate Judge. *Id.* (emphasis added). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). However, a district court does not need to independently review

---

[1] Contemporaneously with his objections, Petitioner filed a motion for leave to file one day out of time. (Doc. 13). For good cause show, the Court **GRANTS** Petitioner's motion and considers his objections as if timely filed.

any of the Magistrate Judge's conclusions that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 amendment.

Objections must be specific enough to permit "the district court to 'focus attention on those issues . . . that are at the heart of the parties' dispute,' thereby preventing the district court from being 'sandbagged' by failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (quoting *Thomas*, 474 U.S. at 147). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Additionally, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate[ judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

Petitioner, with the assistance of counsel, filed objections to the Magistrate Judge's Report and Recommendation. But Petitioner objects in form only, reiterating his position that his plea was involuntary. The Magistrate Judge carefully considered and analyzed Petitioner's sole ground for relief (now reasserted as an objection) before recommending that the petition be denied. Thus, Petitioner's complete failure to assert

specific objections is tantamount to a complete failure to object.[2]

The Court, having reviewed the Magistrate Judge's Report and Recommendation and pleadings, is satisfied that there is nothing clearly erroneous or contrary to law on the face of the record.

Accordingly:

1. The Report and Recommendation (Doc. 11) is **ADOPTED** in its entirety.

2. Petitioner's motion for leave to file objections (Doc. 13) is **GRANTED**.

3. Petitioner's objections (Doc. 14) are **OVERRULED** in their entirety.

4. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED with prejudice**.

5. Because reasonable jurists would not debate the Court's conclusions, the Court **DENIES** issuance of a certificate of appealability, pursuant to 28 U.S.C. § 2253; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

6. The Court **CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore **DENIES** Petitioner leave to appeal *in forma pauperis*.

---

[2] Petitioner attempts to raise, for the first time in his objections, ineffective assistance of counsel as a ground for relief. The Sixth Circuit has indicated that, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (stating that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived")). Thus, Petitioner's failure to raise this claim before the Magistrate Judge constitutes waiver. In any event, the Magistrate Judge found that, even if Petitioner were attempting to raise ineffective assistance of counsel as a ground for relief, such claim has been procedurally defaulted and waived based on Petitioner's failure to fairly present the claims to the Ohio courts. (Doc. 11 at 14, n.1). And, once again, Petitioner completely fails to address this point in his objections.

7. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date: 4/14/2023

*s/Timothy S. Black*
Timothy S. Black
United States District Judge